**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALVIN E. STEPHENSON, III,

        Petitioner,               Case Number: 20-CV-13105

v.                                   HON. GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

WILLIAM FOY,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1) WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS</u>**

Petitioner Alvin E. Stephenson ("Petitioner"), currently confined at the Saginaw Correctional Facility, has filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. ECF No. 1. Petitioner is serving a term of imprisonment for second-degree murder, Mich. Comp. Laws § 750.317, second-degree home invasion, Mich. Comp. Laws § 750.110a3, and felony firearm, Mich. Comp. Laws § 750.227b. He does not challenge these convictions. Instead, he argues that his continued confinement violates the Eighth Amendment because the risk of contracting COVID-19 in the prison setting is particularly high and the associated risk of death converts his life sentence into a death sentence. Alternatively, he seeks relief under the 18

U.S.C. § 3582. For the reasons that follow, the Court dismisses the petition without prejudice, denies a certificate of appealability, and grants leave to proceed *in forma pauperis* on appeal.

## I. LAW & ANALYSIS

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.[1] *See O'Sullivan v. Boerckel*, 526

---

[1] Petitioner indicates his petition is filed under 28 U.S.C. § 2254 *and* § 2241. Both sections require a petitioner to exhaust state court remedies before filing a habeas petition. *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues, *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, the Court concludes that Petitioner does not satisfy his burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may file a state habeas petition because he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) (mem.) ("No one now doubts the authority of courts to order

the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."); *see also Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court); *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1136 (N.D. Ill. 2020) (holding that the exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve the emergency COVID-19 motion]"). Finally, Michigan courts have shown a willingness to consider the COVID-19 pandemic and the need to mitigate the virus' spread when making pretrial and post-conviction confinement decisions. *See, e.g., People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (mem.) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Here, Petitioner states that he has moved for early parole and/or

sentence reduction in the Saginaw County Circuit Court. ECF No. 1, PageID.2. He received an unfavorable result because the state court determined that COVID-19 was not "new evidence/new information" justifying a new sentence or other relief. *Id.* Petitioner has not stated or shown that he has sought review or further relief in the Michigan appellate courts. His claims are thus unexhausted.

Petitioner also seeks compassionate release under 18 U.S.C. § 3582(c). Section 3582(c) is a federal criminal statute. It allows a federal sentencing court to reduce a *federal* defendant's sentence based on "extraordinary and compelling" reasons. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because Petitioner is a state prisoner sentenced under state law, he may not obtain a reduction in his sentence or release under § 3582(c)(1)(A)(i).

## II. ORDER

For the reasons articulated above, the Court concludes that Petitioner did not exhaust available state court remedies before seeking federal habeas review in his instant petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus [#1].

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on

procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal, as an appeal can be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated: January 25, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Alvin E. Stephenson, III, No.829600, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, Michigan 48623 on January 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk